William D. Hyslop
United States Attorney
Eastern District of Washington
David M. Herzog
Assistant United States Attorney
Post Office Box 1494
Spokane, Washington 99210-1494
(509) 353-2767

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:20-CR-00101-RMP-1 |
| Plaintiff, | Discovery Status Report |
| v. | Court: |
| JASON DEAN TALBOTT, | Hon. Rosanna Malouf Peterson |
| Defendant. | United States District Judge |

Plaintiff United States of America, by and through William D. Hyslop, United States Attorney for the Eastern District of Washington, and David M. Herzog, Assistant United States Attorney for the Eastern District of Washington, having met and conferred with Deputy Federal Defender Colin Prince, counsel of record for Defendant Jason Dean Talbott ("Defendant"), submits the following discovery status report pursuant to the Court's pretrial order.

1.    On August 21, 2012, in case number 2:11-CR-00165-RMP-1 in this District, Defendant sustained a conviction for Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1).  This Court imposed a sentence of 60

DISCOVERY STATUS UPDATE - 1

month in custody, to be followed by a lifetime of Supervised Release.  Among other conditions of Supervised Release, the Court ordered Defendant to: (1) keep the United States Probation Office appraised of his residence; (2) not use computers or the Internet; and (3) not possess or view child pornography.

2.    On December 31, 2019, the United States Probation Office filed a petition alleging that Defendant violated these terms of his Supervised Release.  ECF No. 70 in case number 11-00165-RMP.  The Court issued an arrest warrant, and Defendant was arrested at Spokane International Airport.  Defendant made his initial appearance before the Hon. John T. Rodgers, United States Magistrate Judge, in Spokane, and was ordered detained.

3.    At the request of the parties, this Court continued the Supervised Release proceedings, based on an anticipated Indictment charging a new substantive count of Receipt of Child Pornography, in addition to the Supervised Release allegation.

4.    A federal grand jury has now returned an Indictment charging Defendant with Receipt of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1), under the above-captioned 2020 case number.  Defendant has appeared and been arraigned before Judge Rodgers on the new Indictment.  Defendant's detention was ordered pending trial.

5.    This Court has ordered counsel to meet and confer regarding discovery and submit a report to the Court.

DISCOVERY STATUS UPDATE - 2

6.     Counsel for the United States and the defense have met and conferred regarding discovery.  Given the nature of the charges, the United States has drafted and circulated to defense counsel proposed protective orders that, if agreed to by counsel and approved by the Court, will protect victim identities and permit the defense to review contraband discovery at the offices of the Federal Bureau of Investigation ("FBI").  This is necessary because the discovery in this case includes the bona fide identities of minor victims and pornographic images of them, allegedly recovered from Defendant's electronic devices.  This is the standard procedure used in this District for child pornography cases.

7.     Assuming the standard protective orders are agreeable to the defense and approved by the Court, the United States anticipates producing discovery in the normal course, using the standard procedures for defense review of contraband material.  The standard discovery orders have recently been updated as a result of meetings between the United States Attorney's Office and the Federal Defender's Office; defense counsel is currently reviewing the updated proposed protective orders.

8.     The United States anticipates producing non-contraband discovery on the USAFx system, and the United States will continue to produce non-contraband discovery using this system on a rolling basis as any new discovery becomes available and is processed into the system.

9.     Neither party has indicated any new or additional discovery issues, beyond the need to obtain the protective orders.

DISCOVERY STATUS UPDATE - 3

1  10.    As soon as the protective orders are entered, the United States will

2  produce all of the discovery in this case.  If any discovery issues arise, the parties will

3

4  endeavor to resolve them before addressing them with the Court.

5  Dated:  September 11, 2020          William D. Hyslop
                                       United States Attorney
6

7                                      */s/ David M. Herzog*_____

8                                      David M. Herzog
                                       Assistant United States Attorney
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will provide an electronic copy to Defendant's counsel of record.

_s/ David M. Herzog_
David M. Herzog
Assistant United States Attorney

DISCOVERY STATUS UPDATE - 5